ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **CARMEN LUZ DÍAZ HERNÁNDEZ**<br><br>**EXPARTE**<br>PETICIONARIA(S)-RECURRIDA(S)<br><br><br>**MARELLYS DÍAZ HERNÁNDEZ, ÁNGEL L. DÍAZ HERNÁNDEZ Y PEDRO DÍAZ HERNÁNDEZ**<br>PARTE(S) INTERVENTORA(S)-PETICIONARIA(S) | **TA2026CE00751** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **CAGUAS**<br><br>Caso Núm.<br>**CG2024RF00795 (407)**<br><br>Sobre:<br>Declaración de Incapacidad y Designación de Tutor |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 12 de junio de 2026.

Comparecen ante este Tribunal de Apelaciones, los señores **MARELLYS DÍAZ HERNÁNDEZ, ÁNGEL L. DÍAZ HERNÁNDEZ Y PEDRO DÍAZ HERNÁNDEZ** (señores **DÍAZ HERNÁNDEZ**) mediante *Petición de Certiorari* instada el 11 de junio de 2026. En su recurso, nos solicitan que revisemos la *Resolución* despachada el 4 de mayo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Caguas.[1] Mediante la antedicha providencia, el foro de instancia declaró sin lugar la objeción presentada por los señores **DÍAZ HERNÁNDEZ;** se cualificó al doctor Víctor J. Lladó, médico psiquiatra, como perito en el caso; y se pautaron audiencias para los días 16 de junio y 9 de julio de 2026.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 5 de mayo de 2026. Entrada núm. 150 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede prescindir de términos no jurisdiccionales y escritos, con el propósito de lograr su más justo y eficiente despacho.[2] En consideración a lo anterior, procedemos a disponer sin requerir ulterior trámite.

- I -

El 15 de noviembre de 2024, la señora **CARMEN LUZ DÍAZ HERNÁNDEZ** (señora **CARMEN LUZ DÍAZ HERNÁNDEZ**) interpuso una *Petición* sobre declaración de incapacidad y nombramiento de tutor en beneficio del señor Rafael Díaz Boria (señor Díaz Boria), quien es su progenitor.[3] Esbozó que el señor Díaz Boria padece de una condición de Alzheimer y demencia senil, hipertensión arterial y una condición emocional que lo mantienen con una movilidad limitada y ha sufrido un deterioro en los últimos dos (2) años. Acotó que sus funciones cognitivas se han deteriorado creándole problemas de juicio que le impiden manejar su persona. Así como, dado a su edad y condiciones de salud física y mentales se encuentra incapacitado para administrar su persona y sus bienes.

Más tarde, el 22 de mayo de 2025, los señores **DÍAZ HERNÁNDEZ** presentaron una *Moción de Intervención y Oposición al Nombramiento de Tutora*.[4] Expusieron que no se oponen a que se nombre un tutor al señor Díaz Boria, pero sí a que dicho nombramiento recaiga en la señora **CARMEN LUZ DÍAZ HERNÁNDEZ**. Alegaron que, entre otras, la señora **CARMEN LUZ DÍAZ HERNÁNDEZ** ha retenido o impedido información médica; establece unilateralmente listas de visitas; y ha asumido control de las finanzas del señor Díaz Boria sin autorización judicial.

---

[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 15-16, 216 DPR ____ (2025).

[3] Al caso se le asignó el núm.: CG2024RF00795. Entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[4] Entrada núm.41 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

Luego de varias incidencias procesales, incluyendo la desestimación, sin perjuicio, de la *Petición* y encausada una *Petición de Certiorari* ante este Tribunal, el 17 de marzo de 2026, se emitió *Orden* pautando juicio en su fondo para el 4 de mayo de 2026, a las 9:00 de la mañana, y se autorizó al perito comparecer de manera remota.[5] Al poco tiempo, el 4 de mayo de 2026, se determinó:

> "Se señala vista en su fondo para el 4 de mayo de 2026 a las 9:00 am. El tribunal ha separado de 9:00am a 4:00pm para atender este asunto. Se espera la comparecencia puntual de todos. Las partes deberán comparecer listas y preparadas para atender este asunto en sus méritos. No se modificar[á] la fecha de la vista. El perito a testificar podrá comparecer de manera remota (videoconferencia) y su testimonio tendrá prioridad".[6]

Así las cosas, el 4 de mayo de 2026, se celebró la audiencia en la cual se escuchó el testimonio del doctor Víctor J. Lladó y se dictaminó la *Resolución* impugnada. En desacuerdo, el 18 de mayo de 2026, los señores **DÍAZ HERNÁNDEZ** presentaron una *Moción de Reconsideración*.[7] Relataron que se debe dejar sin efecto la cualificación del doctor Víctor J. Lladó Díaz y subsidiariamente, y solo de no excluirse por completo, requerir a la señora **CARMEN LUZ DÍAZ HERNÁNDEZ** presentar prueba médica especializada independiente en neurología, neuropsiquiatría; neuropsicología o geriatría cognitiva ante de que se considera cualquier determinación sobre incapacidad absoluta. Al día siguiente, el 19 de mayo de 2026, se expidió *Orden* denegando la petitoria de reconsideración[8].

Insatisfecho, el 12 de junio de 2026, los señores **DÍAZ HERNÁNDEZ** acudieron ante este foro revisor mediante *Petición de Certiorari* imputando la comisión del(de los) siguiente(s) error(es):

> Erró y abusó de su discreción el Tribunal de Primera Instancia al calificar como perito al Dr. Víctor J. Lladó a pesar de este no contar con la pericia suficiente para testificar sobre un

---

[5] Entrada núm. 119 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[6] Entrada núm. 131 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[7] Entrada núm. 154 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[8] Entrada núm. 156 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

diagnóstico de Alzheimer en clara contravención a las Reglas 702 y 703 de las de Evidencia; máxime cuando este admitió ni tan siquiera estar familiarizado con las guiase actualizadas para el diagnóstico de la enfermedad.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A – *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[9] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[10]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[11] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[12]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[13] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[14] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura

---

[9] *Allio v. Santiago Chardón y otros*, 2026 TSPR 13, 217 DPR ___, (2026); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[10] *Íd.*
[11] *Allio v. Santiago Chardón y otros, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[12] *Íd.*
[13] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra*.
[14] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[15] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[16]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[17]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[18] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

---

[15] 32 LPRA Ap. V., R. 52.1.

[16] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

[17] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.

[18] *Allio v. Santiago Chardón y otros, supra*.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[19]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[20] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[21] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[22] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[23]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[24] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[25]

En el ámbito judicial, el abuso de discreción puede manifestarse de diversas maneras, entre ellas: "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor

---

[19] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR ____ (2025); *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[20] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[21] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[22] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[23] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.
[24] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).
[25] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[26]

- III -

En su recurso, los señores **DÍAZ HERNÁNDEZ** puntearon que el foro primario erró y abusó de su discreción al calificar como perito al Dr. Víctor J. Lladó a pesar de este no contar con la pericia suficiente para testificar sobre un diagnóstico de Alzheimer en clara contravención a las Reglas 702 y 703 de las de Evidencia; máxime cuando este admitió ni tan siquiera estar familiarizado con las guiase actualizadas para el diagnóstico de la enfermedad.

Habida cuenta de que el recurso ante nuestra consideración trata de un *Certiorari,* este Tribunal de Apelaciones debe determinar, como cuestión de umbral, si procede o no su expedición. Un tribunal intermedio revisor no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, se actuó con prejuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo; y, nuestra intervención en esa etapa evitará un perjuicio sustancial.

Justipreciado el legajo, juzgamos que los señores **DÍAZ HERNÁNDEZ** no han demostrado que el foro recurrido actuó con pasión, prejuicio, parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo o que incurrió en error manifiesto. Nada en el recurso nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Su exposición no nos mueve para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez(a) quien presidió la sala en la cual se determinó sin lugar la objeción presentada por los señores **DÍAZ**

---

[26] *Pueblo v. Ortega Santiago,* 125 DPR 203, 211-212 (1990).

HERNÁNDEZ; se cualificó al doctor Víctor J. Lladó, médico psiquiatra, como perito en el caso; y se pautaron audiencias para los días 16 de junio y 9 de julio de 2026.

- **IV** -

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *Certiorari* entablado el 11 de junio de 2026 por los señores **DÍAZ HERNÁNDEZ**; y declaramos **no ha lugar** la *Moción en Auxilio de Jurisdicción* presentada el 11 de junio de 2026. En consecuencia, deberá proseguirse con los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Carolina.[27]

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[27] La Regla 35 sobre el efecto de la presentación de la solicitud de "*certiorari*" en su inciso (A) instituye: En casos civiles (1) **La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones**. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario. Véase la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 58-59, 215 DPR ____ (2025).